# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 30, 2010

No. 09-30579
Summary Calendar

Charles R. Fulbruge III
Clerk

JAMES S. FRAZIER,

Plaintiff-Appellant,

versus

MICHAEL CHERTOFF, Secretary, Department of Homeland Security,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-4423

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

James Frazier appeals, *pro se*, a summary judgment dismissing his claims. Finding no error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Frazier was a civilian employee of the United States Coast Guard. He was removed from that position for two reasons: (1) a charge of second degree murder and (2) failure to report to work without authorization for leave while he was in prison. He appealed unsuccessfully to the Merit Systems Protection Board ("MSPB"). He sued for review of the MSPB's decision and for race and sex discrimination, constructive discharge, and retaliation under title VII.

The district court explained its ruling in a thorough and convincing opinion, entitled "Order and Reasons," entered on June 1, 2009. We affirm, essentially for the reasons given by the district court.

The district court determined that the findings of the MSPB were supported by substantial evidence, as the law requires. That decision establishes that Frazier did not officially request leave while he was in prison. He was therefore absent without official leave ("AWOL") and subject to discharge for that reason.

After deciding that Frazier had made out a *prima facie* claim of retaliation, the district court held that the defendant "has stated a legitimate, nondiscriminatory reason for plaintiff's removal," i.e., his AWOL status. The court further ascertained that Frazier had not produced evidence to show that the adverse employment action would not have occurred absent his having exercised his protected activity of appealing to the Equal Employment Opportunity Commission.

On the claims of race and sex discrimination and constructive discharge, the district court properly reasoned that Frazier had not exhausted his administrative remedies. The court noted that "the only discrimination claim raised by plaintiff to the MSPB from which [the appeal to the district court] is taken was his claim of retaliation," so those claims "were not [the] subject of the decision from which this appeal is taken." The court also correctly saw no reason for equitable tolling.

The district court's reasoning is sound, and its judgment is AFFIRMED.